### GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. BEALY BERRY.

#### Decided March 11, 1908.

**Railroads—Alighting from Train—Personal Injuries—Charges.**

In a suit by a passenger for damages for personal injuries received while attempting to alight from a railroad train, wherein the defendant was charged with negligence in failing to stop the train at a station a sufficient time to allow plaintiff to alight therefrom with safety, in allowing the exit from the train to become crowded with incoming passengers, whereby plaintiff was delayed in leaving the train, and in starting the train suddenly, thereby throwing plaintiff to the ground, charge of the court considered and approved, and instructions requested by defendant considered, and held properly refused.

Appeal from the District Court of Guadalupe County. Tried below before Hon. M. Kennon.

*Baker, Botts, Parker & Garwood* and *Dibrell & Mosheim,* for appellant.

*Seidemann & Short,* for appellee.

JAMES, CHIEF JUSTICE.—The petition states that as Berry, a passenger, whilst attempting to alight from defendant's train at Marion, where it had stopped to let off and take on passengers, "the servants who had charge of said train started said train to moving, thereby throwing the plaintiff with great force to the ground, severely and permanently injuring him," etc.; also that his injuries "were caused by said train not being stopped long enough to allow him time to alight from said train with safety;" also that his injuries were proximately caused by defendant's negligence in not keeping back passengers who boarded said train at Marion before plaintiff had time to alight, and in starting said train before he had time to safely alight, and that

when he did attempt to alight he had reason to believe that he could do so with perfect safety to himself, but the defendant started said train just as plaintiff attempted to alight, causing his injury.

Defendant pleaded general denial, and also contributory negligence in this: That the train stopped for two or three minutes, giving all passengers time to get out or to board the train; that before reaching Marion the station was loudly announced, that plaintiff had ample time to leave the train had he used ordinary diligence to do so, and that he endeavored to get off while the train was in motion, and it was negligence on his part to attempt to alight while the train was in motion.

The first assignment of error complains of the refusal of a charge, in effect, that if when plaintiff alighted or attempted to alight the train was in motion and that such attempt was negligence contributing to his injury, to find for defendant, regardless of whether or not those in charge of the train were negligent in starting it, and regardless of whether or not it was suddenly started and not stopped a sufficient length of time for plaintiff to alight. The court sufficiently covered this matter by charging: "If you find from the evidence that defendant (plaintiff) attempted to alight from the train at Marion, the same was in motion, and you find that in attempting to alight therefrom while the train was in motion plaintiff was guilty of negligence, you will find for the defendant, regardless of whether or not the train was stopped a reasonably sufficient length of time for the plaintiff to alight in safety."

The second is that the court refused a charge, in substance, that inasmuch as the grounds of negligence stated in the petition were that defendant allowed passengers to crowd upon the train before plaintiff had time to get off and obstructed plaintiff in his getting off, and in not stopping the train a sufficient time to permit plaintiff to alight, and in starting said train as plaintiff was getting off, the jury should not consider any other grounds of negligence such as suddenly starting or jerking of the train. This assignment is not well taken. The petition alleged that as plaintiff was attempting to alight the train started to move thereby throwing plaintiff with great force to the ground, and this act is included therein as negligence. We think under the allegation plaintiff could prove the nature of the movement which threw him with great force to the ground, and it would have been wrong for the court to exclude evidence of it from consideration.

The third complains of the refusal of a charge as follows: "The court erred in refusing to give to the jury special charge No. 3, requested by the defendant, as follows: 'In this cause you are instructed, gentlemen of the jury, that the law does not require railroad companies operating passenger trains to stop their trains any particular length of time, but they are required to stop their trains at regular stations a sufficient length of time for passengers to get on and alight from the cars, and in this case, if you believe from the evidence that defendant's train was, on the occasion complained of, stopped at Marion a sufficient length of time for the passengers aboard its train to alight with safety by the use of ordinary diligence, you will find for the defendant.'" This charge would have told the jury

that defendant was free from liability if it was a fact that it stopped the car a sufficient time. It may have stopped a reasonably sufficient time and yet have been guilty of negligence leading to injury. The question has been passed on in St. Louis Southwestern Ry. v. Cannon, 81 S. W., 778. The refusal of this charge can hardly be complained of when the only paragraph which allowed the jury to find for plaintiff required them in order to do so to find, among other things, that the train did not stop a reasonably sufficient time to enable plaintiff to alight in safety.

We find the refused charge referred to in the fourth assignment, covered by what was given. The same as to the refused charge referred to in the sixth and eighth assignments.

The fifth assignment deals with a refused charge, which, if given, would have told the jury that if plaintiff was hurt by attempting to get off the train when in motion, he could not recover.

The seventh assignment complains of the refusal of a charge which was upon the weight of the evidence.

The ninth assignment complains of the following paragraph of the charge: "If you find from the evidence that at the time alleged the plaintiff was a passenger on one of defendant's passenger trains, going from Seguin to Marion, and that upon the arrival of the train at Marion, the plaintiff, without negligence or unreasonable delay on his part, attempted to alight from the train, and that while he was so attempting to alight therefrom, those in charge of the train put it in motion whereby the plaintiff was thrown to the ground and injured substantially as alleged; and you further find from the evidence that the train had not stopped at the station a reasonably sufficient length of time to enable the plaintiff to alight therefrom in safety, and that, under all the facts and circumstances of the case, it was negligence in those in charge of the train to start it when they did and that the plaintiff's injuries were the proximate result of such negligence, then the plaintiff would be entitled to recover for such injuries." There being both pleading and evidence concerning the matters embodied in the charge the assignment is overruled.

The tenth complains of the action of the court in overruling the motion for new trial. In view of the verdict we dispose of this by stating conclusions of fact derivable from the evidence. The evidence did not establish contributory negligence, and was sufficient to disclose a want of it.

*Affirmed.*

Writ of error refused.